**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **JANICE SCHMIDT,** )<br>)<br>Plaintiff, )<br>)     **8:06CV12**<br>vs. )<br>)     **AMENDED FINAL**<br>**METROPOLITAN UTILITIES DISTRICT,** )     **PROGRESSION ORDER**<br>)<br>Defendant. ) | |

**IT IS ORDERED** that defendant's unopposed MOTION FOR CONTINUANCE OF PROGRESSION SCHEDULE [16] is granted, as follows:

1. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **January 30, 2007**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

2. **Disclosure of Expert Witnesses.**[1] The plaintiff shall, as soon as practicable but **not later than October 30, 2006**, serve the defendant with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. The defendant shall serve the plaintiff with its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but **not later than November 29, 2006.** If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose **additional expert witnesses** not later than **fifteen (15) days** prior to the date set for completion of depositions, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the

---

[1] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

expert witness available for deposition prior to the date set for completion of deposition. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e).  The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

    3.  **Pretrial Disclosures**:  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

    **A.   Nonexpert Witnesses - On or before February 28, 2007:**  The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    **B.   Deposition Testimony and Discovery - On or before February 28, 2007:**  1)  The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer.  Such designations and any objections thereto shall also be included in the final pretrial conference order.  *See* NECivR 16.2.

    **C.   Trial Exhibits - On or before February 28, 2007:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits.  The parties shall also designate on the list those exhibits it may offer only if the need arises.

    **D.   Waiver of Objections**:  Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

    **E.   Filing of Disclosures**: The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

4. **Motions in Limine.**

    A. *Daubert* **Motions.** Any motion *in limine* challenging the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed **on or before March 1, 2007**, in the absence of which any objection based upon said rule shall be deemed waived. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

    B. **Any other** motions *in limine* shall be filed not later than **March 1, 2007**.

5. **All** motions for summary judgment shall be filed **on or before December 14, 2006**. *See* NECivR 56.1 and 7.1.

6. **The Final Pretrial Conference** with the undersigned magistrate is set for **April 9, 2007 at 9:00 a.m.,** in chambers, Suite 2210, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2. By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

7. **A Jury trial** is set to commence **at 8:30 a.m. on May 15, 2007,** in Omaha, Nebraska, before the **Honorable Laurie Smith Camp**.

8. **On or before January 29, 2007**, the parties are to provide a status report regarding settlement negotiation. The report shall be in the form of a letter to the court from the plaintiff on behalf of all of the parties.

9. **Motions to Alter Dates.** All requests for changes of date settings shall be directed to the undersigned magistrate judge by appropriate motion.

    **DATED: July 17, 2006.**

                                          **BY THE COURT:**

                                          **s/ F.A. Gossett**
                                          **United States Magistrate Judge**