IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JANICE SCHMIDT, | ) | CASE NO. 8:06CV12 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| METROPOLITAN UTILITIES DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant, Metropolitan Utilities District's (MUD), motion to compel and amended motion to compel (Filing Nos. 35 & 36). After failing to respond to MUD's motion within the time allotted by the Federal Rules of Civil Procedure, this court gave the plaintiff, Janice Schmidt, additional time to respond to the motion. Schmidt did not respond to the court's motion by the extended deadline. Therefore, the court will rule on the motion based on the record currently before the court.

**FACTUAL BACKGROUND**

On January 12, 2006, Schmidt filed a complaint alleging that MUD discriminated against her in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201; *et. seq.*, the Age Discrimination Employment Act, 29 U.S.C. § 621, *et. seq.*; Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000 *et seq;* the Nebraska Fair Employment Act; and the Nebraska Act Prohibiting Age Discrimination. (Filing No. 1)

On September 7, 2006, MUD served a Second Set of Interrogatories and Request for Production of Documents upon Schmidt. On October 16, 2006, Schmidt's attorney moved to withdraw as counsel of record. Schmidt did not obtain substitute counsel, and the motion to withdraw was granted on November 17, 2006.

MUD sent Schmidt a letter on December 11, 2006 reminding Schmidt of her obligation to respond to the subject of discovery requests. At the request of defendant, this court held a status conference on January 11, 2007. During the status conference, counsel for MUD again reminded Schmidt of her obligations to respond to the Second Set of Interrogatories and Request for Production of Documents. On January 12, 2007, MUD sent Schmidt a letter confirming that her responses to MUD's discovery requests would be received by defendant's counsel no later than January 19, 2007. Schmidt failed to provide defendant's counsel with responses to MUD's discovery requests by January 19, 2007. MUD sent Schmidt another letter on January 24, 2007, reminding plaintiff that the discovery responses had not been received and enclosing a Notice to Take Deposition, setting plaintiff's deposition for February 15, 2007. MUD states that after the January 24, 2007, letter, Schmidt informed defendant's counsel that the discovery response had been sent but was damaged en route. Schmidt stated she would be forwarding duplicate copies of the discovery responses immediately.

On January 31, 2007, MUD wrote to Schmidt agreeing to move her deposition to February 20, 2007, and reminding Schmidt that MUD had still not received the responses to the requested discovery. On February 5, 2007, MUD received responses to the Second Set of Interrogatories. MUD argues that the responses are unacceptable as they are unsigned and incomplete. Specifically, MUD argues that the Interrogatory responses are deficient in the following manner:

    A.    The Answers to Interrogatories were not signed;
    B.    With respect to Interrogatory No. 29 (Second Set), Plaintiff has not provided any information relating to the Interrogatory (even though

2

        Plaintiff indicated at the time of the status conference that she had numerous written statements which she would attempt to utilize);
C.     Plaintiff has provided none of the requested information with regard to Interrogatory No. 34
D.     With regard to Interrogatory No. 35, Plaintiff has provided no information regarding interim income;
E.     With regard to Interrogatory No. 38, Plaintiff has provided an incomplete answer thereto.

(Filing No. 35). Further MUD has not received responses to the Second Set of Requests for Production of Documents which were originally sent on September 7, 2006. Furthermore, MUD states that at Schmidt's deposition on February 20, 2007, she informed defense counsel that she had numerous documents and audiotapes responsive to the discovery requests in storage in Florida. MUD argues that because of Schmidt's continual failure to respond to its discovery requests, MUD could not complete Schmidt's deposition on February 20, 2007. MUD states that during the deposition Schmidt agreed to have copies of all requested information to defendant's counsel by February 26, 2007. Schmidt further agreed to complete her deposition in March, 2007. As of the date of MUD's Amended Motion to Compel, MUD has not received any additional information from Schmidt.

      Defendant requests that this court (1) compel Schmidt to timely provide complete answers to the discovery requests at issue here; (2) require Schmidt to pay MUD's attorney's fees and costs related to the preparation and filing of the Amended Motion to Compel and the Motion to Compel; (3) require Schmidt to pay MUD's costs and attorney's fees relating to the continuation of plaintiff's deposition; (4) direct that no time limit apply to such continued deposition; and (5) admonish plaintiff that any further violations of this

court's rules or its Final Progression Order will lead to further sanctions up to and including dismissal of this matter.

## DISCUSSION

Under the Federal Rules of Civil Procedure "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery...." Fed.R.Civ.P. 37(a). The rule further states that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed.R.Civ.P. 37(a)(2)(A).

Here, it is clear that MUD has made great efforts to obtain the requested information without the involvement of the court. The court has reviewed MUD's discovery requests and Schmidt's responses, and concludes that the information requested is relevant and that the plaintiff has failed to provide responses to the discovery requests in compliance with the Federal Rules of Civil Procedure. Therefore, by **May 25, 2007**, Schmidt is ordered that she shall: (1) cure the deficiencies in her February 5, 2007 responses to defendant's Second Request for Interrogatories, as identified in MUD's motion to compel and amended motion to compel; and (2) provide all relevant responsive documents requested in MUD's Request for Production of Documents.

At this time, the court will take MUD's request for sanctions under advisement. Schmidt has not been informed of the type of sanctions she is subject to for violation of a Court Order. The court is now advising Schmidt that the Federal Rules of Civil Procedure provide for the imposition of sanctions if a party fails to comply with an Order of the court,

frustrates and impedes discovery, or otherwise wilfully ignores his or her obligations under the court's rules. "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988), *cert. denied*, 493 U.S. 820 (1989).

**Fed. R. Civ. P. 37(b)(2)** sets forth an array of possible sanctions if a party "fails to obey an order to provide or permit discovery ... or if a party fails to obey an order entered under Rule 26(f)." Such sanctions include:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding or any part thereof**, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination....

(Emphasis added.)

**Fed. R. Civ. P. 26(g)(3)** authorizes the court upon motion or on its own initiative to impose sanctions, which may include an order to pay the amount of the reasonable expenses incurred including a reasonably attorney's fee, because of a party's failure to respond to discovery requests fully and correctly.

If Schmidt fails to comply with this Order, the court will determine whether to impose any of the sanctions described above, up to and including dismissal of Schmidt's complaint.

IT IS ORDERED:

1. That the Defendant's Motion to Compel and Amended Motion to Compel (Filing Nos. 35 & 36) are granted;

2. By **May 25, 2007**, the Plaintiff is ordered that she shall:

   1. cure the deficiencies in her February 5, 2007 responses to defendant's Second Request for Interrogatories, as identified in MUD's motion to compel and amended motion to compel.

   2. provide all relevant and responsive documents responding to MUD's Request for Production of Documents.

3. The Defendant's Motion for Sanctions (Filing No. 36) is denied without prejudice subject to reassertion at a later date;

4. The Final Progression Order is Amended as Follows:

   1. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **June 15, 2007**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

   2. **All** motions for summary judgment shall be filed **on or before July 20, 2007**. *See* NECivR 56.1 and 7.1.

5. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Plaintiff at her last known address.

DATED this 25th day of April, 2007.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge