IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JANICE SCHMIDT, | ) | CASE NO. 8:06CV12 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| METROPOLITAN UTILITIES DISTRICT, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Metropolitan Utilities District's (MUD) Motion to Dismiss or in the Alternative for Monetary Sanctions (Filing No. 39), Plaintiff Janice Schmidt's Motion to Compel (Filing No. 40), and Plaintiff's Motion for Clarification (Filing No. 47).

## FACTUAL BACKGROUND

On April 25, 2007, this court granted the Defendant's Motion to Compel and Amended Motion to Compel (Filing Nos. 35 & 36). In those motions the Defendant MUD argued that the Plaintiff's responses to its Interrogatories were unacceptable as they were unsigned and incomplete. Specifically, MUD argued that the Interrogatory responses were deficient in the following manner:

- A. The Answers to Interrogatories were not signed;
- B. With respect to Interrogatory No. 29 (Second Set), Plaintiff has not provided any information relating to the Interrogatory (even though Plaintiff indicated at the time of the status conference that she had numerous written statements which she would attempt to utilize);
- C. Plaintiff has provided none of the requested information with regard to Interrogatory No. 34
- D. With regard to Interrogatory No. 35, Plaintiff has provided no information regarding interim income;
- E. With regard to Interrogatory No. 38, Plaintiff has provided an incomplete answer thereto.

(Filing No. 35). Further, MUD stated that it had not received responses to the Second Set of Requests for Production of Documents, which were originally sent to the Plaintiff on September 7, 2006. MUD explained that at Schmidt's deposition on February 20, 2007, she informed defense counsel that she had numerous documents and audiotapes responsive to the discovery requests in storage in Florida (Filing No. 35).

This court ordered the Plaintiff to: 1) cure the deficiencies in her February 5, 2007 responses to Defendant's Second Request for Interrogatories, as identified in MUD's motion to compel and amended motion to compel; and 2) provide all relevant and responsive documents responding to MUD's Request for Production of Documents by May 25, 2007. (Filing No. 38).

In its current motion, the Defendant moves for dismissal of this matter, or in the alternative seeks monetary sanctions, arguing that the Plaintiff failed to comply with the court's April 25, 2007 Order. Specifically, Defendant argues that the Plaintiff has yet to respond to Interrogatories Nos. 29, 34, 35 which state:

> INTERROGATORY NO. 29: State the names and addresses of all persons from whom you or anyone on your behalf have taken written or mechanically recorded statements, or reports, concerning or in any manner relating to this lawsuit, and identify the name and address of the person presently having custody of such statements or reports.
>
> INTERROGATORY NO. 34: State the total of lost wages or lost income you claim to have incurred as a result of your termination up to and including the date upon which the answers to these Interrogatories are made, setting forth with particularity the manner in which you have calculated such amount, and identifying all documents or other information utilized in making such calculations.
>
> INTERROGATORY NO. 35: List each and every source of income and the amount of such income received by you since March 1, 2004, and identify every document in your possession or known to you reflecting or having to do with the calculation of such income.

2

Moreover, Defendant argues that the Plaintiff has failed to produce any documentation relating to the Request for Production of Document Nos. 4, 5, 6, or 7, which state:

> REQUEST NO. 4: All documents identified in your Answer to Interrogatory No. 34.
> REQUEST NO. 5: All documents identified in your Answer to Interrogatory No. 35
> REQUEST NO. 6: All documents identified in your Answer to Interrogatory No. 36
> REQUEST NO. 7: All documents identified in your Answer to Interrogatory No. 37.

Finally, Defendant argues that Plaintiff has not produced audiotapes that were requested in Interrogatory No. 29 and Request for Production No. 1, also the subject of the Defendant's original Motion to Compel.

In response to Defendant's motion, the Plaintiff filed a letter with the court that indirectly addresses some of the issues raised in the Defendant's motion (Filing No. 41). In the letter, Plaintiff appears to assert that she has provided the Defendant with all the information she has with respect to Interrogatory No. 29 (Filing No. 41, p. 1). Plaintiff indicates that any tapes in her possession are no longer audible or were lost when she moved from her home in Omaha to Florida. Additionally, Plaintiff states that she was employed at Sears Roebuck from 1979 until 1990, and was recently denied Social Security benefits (Filing No. 41, pp. 2 & 3).

On June 15, 2007, Plaintiff filed another letter with this court asking the court to assist her in recovering documents from the Defendant (Filing No. 40). Plaintiff asserted that "Defendant refuses to release critical documentation regarding this case."

3

**DISCUSSION**

After reviewing the record and the submissions of the parties, it appears that the Plaintiff has failed to fully comply with the April 25, 2007 Order of this court. The Plaintiff asserts that she has provided all of the information Defendant has requested with respect to Interrogatory No. 29 and Document Request No. 1. However, other than a vague reference to employment with Sears Roebuck from 1979-1990 and the recent denial of her request for Social Security benefits, Plaintiff has not provided the Defendant with the information requested in Interrogatory Nos. 34 and 35 and Document Request Nos. 4, 5, 6, and 7. There is no reason that this information should not be available to the Plaintiff as it concerns her lost wages and any income earned after March 1, 2004, including any attempts she has made at seeking new employment.

The Plaintiff will again be ordered to respond fully to Defendant's discovery. Plaintiff's failure to comply with discovery has delayed the progression of this case. Accordingly, Defendant has requested an extension of the progression deadlines. That request will be granted. Defendant states it needs Plaintiff's undisclosed discovery before finishing the Plaintiff's deposition. Accordingly, the deposition deadline will be extended to August 30, 2007. On or before August 6, 2007, Plaintiff shall provide the Defendant with full and complete answers to Interrogatory Nos. 34 and 35 and produce all documents responsive to Document Request Nos. 4, 5, 6, and 7. If Plaintiff claims she does not have any or all of these documents in her possession, by August 6, 2007, she must disclose to the Defendant in a straightforward manner where it can obtain the responsive documents and provide the Defendant with the proper releases to obtain any such information. Finally, in the event that additional information that is responsive to any of Defendant's discovery

requests becomes available to Plaintiff, including but not limited to Interrogatory No. 29, this information must be disclosed to Defendant at least five days prior to her deposition, or in the event no deposition is scheduled, five days prior to the deposition deadline. The Plaintiff will be barred from using any information not disclosed to the Defendant in compliance with this order to support her lawsuit.

The Plaintiff was warned that failure to comply with the court's April 25, 2007 Order could lead to sanctions. Rule 37(b)(2) of the Federal Rules of Civil Procedure sets forth an array of possible sanctions if a party "fails to obey an order to provide or permit discovery ... or if a party fails to obey an order entered under Rule 26(f)." In addition to awarding attorney fees, such sanctions include:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination....

Having carefully considered the evidence and arguments presented, I conclude that the Plaintiff's claims should not be dismissed as a discovery sanction. However, monetary sanctions are appropriate for violating this court's prior discovery order. That order clearly stated:

> By May 25, 2007, the Plaintiff is ordered that she shall:

5

1. cure the deficiencies in her February 5, 2007 responses to defendant's Second Request for Interrogatories, as identified in MUD's motion to compel and amended motion to compel.

2. provide all relevant and responsive documents responding to MUD's Request for Production of Documents.

(Filing No. 38, p. 6 ¶ 2). Where a party has failed to comply with the court's discovery orders, "the court shall require the party failing to obey the order . . . to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances made an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). The Plaintiff has not shown she was justified in failing to fully comply with this court's prior discovery order, or that circumstances exist which would make an award of expenses unjust. The Defendant shall be awarded its attorney fees in bringing this discovery motion before the court.

The Plaintiff has requested the court to assist her in recovering documents from the Defendant because "Defendant refuses to release critical documentation regarding this case." Filing No. 40. The Plaintiff has failed to provide the court with any detail concerning what documents the Defendant has failed to produce. Her request, considered a motion, must be denied.

THEREFORE, IT IS ORDERED:

1. That the Defendant's Motion to Dismiss or in the Alternative for Monetary Sanctions, Filing No. 39, is granted in part and denied in part as follows:

    a. Defendant's motion to dismiss this case as a discovery sanction is denied;

    b.    That portion of Defendant's motion which seeks an order awarding the defendant its reasonable expenses, including attorney fees, incurred in the filing of this motion, is granted, and:

        i.    The Defendant is given until August 6, 2007 to file its application for expenses and fees;

        ii.    The Plaintiff is given until August 16, 2007 to file her response to the application for fees; and

        iii.    Based on these submissions, the court will enter an order awarding the Defendant its attorney fees and expenses. This award will not be taxed immediately, but will become a part of the eventual judgment in this case as between the parties.

    c.    The Defendant's request for an extension of the progression deadlines is granted, and the deposition deadline is extended to August 30, 2007. This case is referred to Magistrate Judge Piester for issuance of an amended progression order for final resolution of this case.

    d.    On or before August 6, 2007, the Plaintiff shall:

        i.    Provide Defendant with full and complete answers to Interrogatory Nos. 34 and 35; and

        ii.    Produce all documents responsive to Document Request Nos. 4, 5, 6, and 7 or, if she claims she does not have any or all of these documents in her possession, inform the Defendant of where it can obtain the responsive documents and provide the Defendant with the proper releases to obtain any such information.

    e.    In the event that additional information that is responsive to any of Defendant's discovery requests becomes available to Plaintiff, including but not limited to information responsive to Interrogatory No. 29, this information shall be disclosed to the Defendant at least five days prior to Plaintiff's deposition, or in the event no deposition is scheduled, five days prior to the deposition deadline.

      f.    Absent good cause shown, the Plaintiff is barred from using any information not disclosed to the defendant in compliance with this order.

2.    The Plaintiff's Motion to Compel (Filing No. 40) is denied;

3.    The Plaintiff's Motion for Clarification (Filing No. 47) is denied as moot and;

4.    The Clerk of Court is directed to send a copy of this Memorandum and Order to the Plaintiff at her last known address.

DATED this 26th day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge