IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JANICE SCHMIDT,** | ) | **CASE NO. 8:06CV12** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **METROPOLITAN UTILITIES DISTRICT,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the defendant's Motion for Attorney Fees (Filing No. 51), and the plaintiff's reply to the defendant's motion (Filing No. 55).

On July 26, 2007, this court entered an order imposing monetary sanctions against the plaintiff for failure to comply with a April 25, 2007, court order compelling plaintiff to serve defendant with requested discovery. (Filing No. 49.) In the April 25, 2007 order, plaintiff was ordered to:

1. cure the deficiencies in her February 5, 2007 responses to defendant's Second Request for Interrogatories, as identified in MUD's motion to compel and amended motion to compel.
2. provide all relevant and responsive documents responding to MUD's Request for Production of Documents.

(Filing No. 38, p. 6 ¶ 2.) Plaintiff failed to comply with this order. On June 14, 2007, defendant filed a motion to dismiss or in the alternative for monetary sanctions based on plaintiff's failure to comply with the April 25, 2007 court order. (Filing No. 39.) Because plaintiff did not show she was justified in failing fully to comply with the April 25, 2007, court order, or that circumstances existed which would make an award of expenses unjust, the court awarded defendant its attorney fees in bringing its motion to dismiss or in the alternative for monetary sanctions. (Filing No. 49.)

As instructed by the court, the defendant has filed a motion for attorney's fees supported by an affidavit outlining charges made relating to defendant's motion. (Filing No. 51.) Upon review of the affidavit, the court finds that the following hours are related to the preparation of the motion for dismissal or in the alternative for monetary sanctions based on plaintiff's failure to comply with the court's April 25, 2007 order:

| | | |
|---|---|---|
| June 11 | .70 | $192.50 |
| June 13 | .40 | $110.00 |
| June 14 | .60 | $165.00 |
| June 14 | 2.10 | $178.50 |
| July 26 | .20 | $ 55.00 |
| Total: | 4.00 | $701.00 |

However, the court's July 26, 2007 order did not award defendant its expenses in relation to the preparation of its response to the plaintiff's motion to compel (Filing No. 40), or defendant's responses to various letters plaintiff has filed with the court (Filing Nos. 46 &47). Upon review of the affidavit, the court finds that the following hours were unrelated to the preparation of defendant's motion for dismissal or in the alternative for monetary sanctions based on plaintiff's noncompliance with the court's April 25, 2007 order:

| | | |
|---|---|---|
| June 18 | 1.30 | $ 357.50 |
| June 19 | 1.20 | $ 330.00 |
| June 30 | .40 | $ 110.00 |
| July 2 | .60 | $ 165.00 |
| July 3 | .80 | $ 220.00 |
| July 16 | .40 | $ 110.00 |
| July 18 | .70 | $ 192.50 |
| July 20 | .90 | $ 247.50 |
| Total: | 6.30 | $1,732.50 |

Therefore, the court concludes that the hours expended in preparing the motion for dismissal or in the alternative for monetary sanctions result in a total of 1.9 hours of attorney time and 2.1 hours of paralegal time, resulting in expenditures of $701.00. The

court finds that counsel spent a reasonable amount of time with respect to this matter, and that counsel's $275.00 hourly rate and $85.00 paralegal rate reflect a fair and reasonable charge for professional legal services by lawyers of like qualifications regularly employed to perform like services in this district.

IT IS THEREFORE ORDERED THAT:

1.  The defendant is awarded, and plaintiff is ordered to pay, $701.00; and

2.  This award will not be taxed immediately, but will become a part of the eventual judgment in this case as between the parties.

DATED this 13th day of September, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge